IN THE U.S. DISTRICT CTS.
FOR THE N. DISTRICT OF AL.
SO. DIV.

MICHAEL WAYNE EGGERS                )
    PLAINTIFF
V                                   )  COMPLAINT
ALABAMA DEPT. OF CORRECTIONS        )
    DEFENDANTS                      )

FILED
2011 AUG 11  A 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILE #: CV-11-K-2821-S

DATE:_____

NOW COMES PLAINTIFF, EGGERS, SEEKING & DEMANDING DECLARATORY JUDGMENTS & INJUNCTIVE RELIEF TO BE ORDERED AGAINST THE DEFENDANTS.

**PART I-** JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED UNDER TITLE 42 USC §1983, TO REMEDY DEPRIVATION OF RIGHTS SECURED BY THE U.S. CONSTITUTION.
2. DECLARATORY RELIEF IS SOUGHT PURSUANT TO TITLE 28 USC §2201 & §2202.
3. INJUNCTIVE RELIEF IS SOUGHT PURSUANT TO TITLE 28 USC §2401(a).
4. THIS IS THE APPROPRIATE VENUE PURSUANT TO TITLE 28 USC §1391(a), AS EGGERS IS CURRENTLY HOUSED IN DONALDSON CORRECTIONAL FACILITY WITHIN THIS COURTS JUDICIAL DISTRICT & NO REAL PROPERTY IS INVOLVED IN THIS ACTION.

**PART II-** PLAINTIFF

5. MICHAEL WAYNE EGGERS IS IDENTIFIED AS A PLAINTIFF, ALABAMA STATE IDENTIFICATION NUMBER Z-689, SOCIAL SECURITY NUMBER _____, BORN _____ HOUSED IN A DEATH ROW UNIT AT DONALDSON CORRECTIONAL FACILITY, U-DORM, CELL #6, 100 WARRIOR LANE, BESSEMER, ALABAMA 35023-7299.

**PART III-** DEFENDANTS

6. ALABAMA DEPARTMENT OF CORRECTIONS, COMMISSIONER THOMAS, (FIRST NAME UNKNOWN), IS IDENTIFIED IN HIS INDIVIDUAL & OFFICIAL CAPACITY AS A DEFENDANT, AS HEAD OF THE AL.D.O.C. & D.C.F., MAILING ADDRESS LOCATED AT 11 SOUTH UNION STREET, MONTGOMERY, ALABAMA, 36130-0000.
7. AL.D.O.C., WARDEN PRICE, (FIRST NAME UNKNOWN), IS IDENTIFIED IN HER INDIVIDUAL & OFFICIAL CAPACITY AS HEAD WARDEN OF D.C.F., MAILING ADDRESS LOCATED AT 100 WARRIOR LANE, BESS., ALABAMA, 35023-7299.
8. AL.D.O.C., DEPUTY WARDEN LLOYD HICKS, IS IDENTIFIED IN HIS INDIVIDUAL & OFFICIAL CAPACITY, AS DEPUTY WARDEN AT D.C.F. LOCATED AT 100 WARRIOR LANE, BESSEMER, ALABAMA 35023-7299.

**PART IV-** PREVIOUS LAWSUITS &/OR ADMINISTRATIVE REMEDIES EXHAUSTED

____VERIFIED                    (1)

9. NO PREVIOUS LAW SUITS HAVE BEEN FILED, HOWEVER, EGGERS HAS MADE SEVERAL ORAL & WRITTEN REQUESTS TO INMATE/LAW CLERK WILLIE JONES, TO PROVIDE EGGERS WITH A COPY OF AL.D.O.C. A ADMINISTRATIVE REGULATIONS PURTAINING TO :

   A) DEATH ROW/ADMINISTRATIVE SEGREGATION RIGHTS TO ACCESS TO THE COURTS, LAW BOOKS, LEGAL SUPPLIES, LAW CLERKS & CURRENT CASE CITATIONS FROM WITHOUT THE STATE & FEDERAL COURT JURISDICTIONS,

   B) THE EXHAUSTION OF AVAILABLE AL.D.O.C. ADMINISTRATIVE REMEDIES PRIOR TO FILING A TITLE 42 USC §1983 CIVIL ACTION IN THE UNITED STATES DISTRICT COURTS,

   C) PREVIOUS U.S. DISTRICT COURT ORDERS IN PAST LITIGATION DIRECTED TO THE AL.D.O.C. PURTAINING TO ALABAMA DEATH ROW INMATES RIGHTS TO ACCESS TO THE COURTS.

....HOWEVER, JONES INFORMED EGGERS THAT HE WAS NOT PERMITTED TO PROVIDE A COPY OF SUCH REGULATIONS TO EGGERS WITHOUT WARDEN HICKS SPECIFIC AUTHORIZATION.

10. EGGERS FILED A LETTER DIRECTED TO THOMAS, PRICE, & GOVERNOR BENTLEY, REQUESTING A WRITTEN COPY OF ADMINISTRATIVE REGULATIONS ON 06-23-11, HOWEVER, THE OFFICIALS WERE NON RESPONSIVE.

11. EGGERS ALSO FILED WRITTEN REQUESTS WITH THOMAS, PRICE, & BENTLEY FOR A COPY OF THE AL.D.O.C. S.O.P. REGULATIONS ON 07-04-11, & 07-21-11, HOWEVER, THE OFFICIALS WERE NON RESPONSIVE TO EGGERS REQUESTS.

12. ON 07-29-11, EGGERS AGAIN FILED A WRITTEN REQUEST FOR ADMINISTRATIVE REGULATIONS TO CLERK JONES & AL.D.O.C. CAPTAIN STEELE, (FIRST NAME UNKNOWN), WHO WAS ESCORTING JONES, HOWEVER, JONES AGAIN STATED THAT HE COULD NOT PROVIDE ADMINISTRATIVE REGULATIONS WITHOUT THE AUTHORIZATION FROM WARDEN HICKS, AT WHICH TIME CAPTAIN STEELE REFUSED TO GRANT JONES AUTHORIZATION, STATING THAT EGGERS REQUEST WOULD BE DIRECTED TO WARDEN HICKS.

13. EGGERS FILED A WRITTEN REQUEST TO WARDEN HICKS ON 07-29-11, & EGGERS WAS BROUGHT BEFORE HICKS IN AN OFFICE ON 08-02-11, AT WHICH TIME EGGERS INFORMED HICKS OF EGGERS INTENT TO FILE SUIT, REQUESTING A COPY OF THE AL.D.O.C. REGULATIONS, SO AS EGGERS COULD ADEQUATELY EXHAUST ALL ADMINISTRATIVE REMEDIES PRIOR TO FILING A CIVIL SUIT, HOWEVER, HICKS INFORMED EGGERS THAT HICKS DID NOT BELIEVE THAT THE AL.D.O.C. REGULATIONS WERE GOING TO STATE WHAT EGGERS THOUGHT THAT THEY WOULD STATE, DENYING EGGERS A COPY OF THE REGULATIONS.

14. AS OF 08-10-11, EGGERS HAS BEEN UNABLE TO OBTAIN A COPY OF THE AL.D.O.C. ADMINISTRATIVE REGULATIONS, THEREFORE, EGGERS NOT HAVING ACCESS TO THE LAWS GOVERNING SUCH ISSUES OF EXHAUSTION, EGGERS HAS BEEN UNABLE TO PROPERLY EXHAUST STATE ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION.

15. LIKE THE FEDERAL REGISTER, S.O.P. REGULATIONS MUST BE MADE AVAILABLE TO EGGERS SO AS EGGERS MAY COMPLY.

**PART V-** FACTS

15. EGGERS WAS UNLAWFULLY CONVICTED OF CAPITAL MURDER & SENTENCED TO DEATH ON OCTOBER 07, 2002.

16. EGGERS WAS REMANDED INTO THE CUSTODY OF THE ALABAMA DEPARTMENT OF CORRECTIONS, (AL.D.O.C.), INITIALLY HOUSED AT HOLMAN CORRECTIONAL FACILITY, (H.C.F.).

17. H.C.F. HOUSES APPROXIMATELY 200+ DEATH ROW INMATES, WHO HAVE FULL ACCESS TO A FULLY STOCKED LAW LIBRARY, AS INMATES ARE ESCORTED TO THE LIBRARY UP TO THREE TIMES EACH WEEK, ABLE TO RETRIEVE LAW BOOKS FROM OFF OF THE SHELVES AT WILL, CHECKING OUT BOOKS TO TAKE WITH THEM BACK TO THEIR CELLS FOR FURTHER RESEARCH.

18. ON 02-05-03, EGGERS WAS TRANSFERRED TO D.C.F.

19. EGGERS WAS BEING TREATED BY THE AL.D.O.C. FOR PSYCHO- LOGICAL DISORDERS, FORCIBLY ADMINISTERED ANTI-PSYCHOTIC MEDICATIONS FOR AN EXTENSIVE PERIOD OF TIME WHICH MADE EGGERS SLEEP EXCESSIVELY, 16-18 HOURS EACH DAY, RENDERING EGGERS UNABLE TO ASSIST HIMSELF, OR CONSULT WITH APPOINTED APPELLATE COUNSEL WITH A REASONABLE DEGREE OF RATIONAL UNDERSTANDING OF THE FACTS, OR LEGAL PROCEEDINGS AGAINST HIM.

20. ON OR ABOUT JULY, 2004, AL.D.O.C. DOCTORS DISCONTINUED FORCED ADMINISTRATION OF MEDICATIONS.

21. EGGERS AWAKENING FROM AN EXTENSIVE MENTAL SLUMBER, BEGAN TO QUESTION HIS UNLAWFUL DETENTION, SEEKING ACCESS TO LAW BOOKS & THE COURTS.

22. D.C.F. HOUSES UP TO 24 DEATH ROW INMATES, HOWEVER, THESE INMATES ARBITRARILY ARE NOT PERMITTED TO GO TO A FULLY STOCKED LAW LIBRARY.

23. D.C.F. LAW CLERKS HAVE NEVER BEEN PERMITTED TO CONSISTENTLY GO FROM CELL TO CELL HANDING OUT REQUEST SLIPS, RETURNING TO PICK UP & FILL THE REQUESTS, RENDERING THE ACCESS TO THE COURTS INADEQUATE, INEFFECTIVE & MEANINGLESS.

24. LAW CLERKS NEVER APPEAR ON DEATH ROW MORE THAN ONE TIME EACH WEEK, EVEN UPON WRITTEN REQUESTS.

25. LAW CLERKS HAVE GONE MONTHS AT A TIME FAILING TO APPEAR ON DEATH ROW TO PICK UP & FILL REQUESTS FOR LAW BOOKS & SUPPLIES.

26. D.C.F. DEATH ROW IS IN A 96 CELL HOUSING BLOCK CONSISTING OF FOUR PODS, R, S, T, & U DORMS, (U DORM IS THE DEATH ROW UNIT), WITH A SMALL HALL WHICH CONNECTS TO A MAIN CORRIDOR OF THE PRISON.

27. THE HALL WALL ON THE RIGHT SIDE AS YOU ENTER, WAS LINED WITH A LAW CLERKS DESK, FILING CABINET, & MULTIPLE BOOK SHELVES CONTAINING VARIOUS LAW BOOKS, INCLUDING, HOWEVER NOT LIMITED TO: 2 INCOMPLETE SETS OF U.S. SUPREME COURT REPORTS, U.S. SUPREME COURT INDEX, ALABAMA WEST LAW DIGEST, WORDS & PHRASES, ETC.

28. UPON INFORMATION & BELIEF, PROVIDED TO EGGERS BY AL.D.O C. OFFICERS, & OTHER PRISONERS, THE LAW BOOKS IN THE HALL WERE ONCE LOCATED INSIDE OF THE DEATH ROW UNIT DAYROOM, READILLY ACCESSIBLE FOR THE DEATH ROW PRISONERS TO USE & TAKE TO THEIR CELLS.

29. FOR UNKNOWN REASONS, THE LAW BOOKS WERE MOVED INTO THE HALLWAY, HOWEVER, SCI-FI, NOVELS, NATIONAL GEOGRAPHICS & NUMEROUS OTHER PUBLICATIONS REMAIN AVAILABLE IN THE DEATH ROW DAYROOM.

30. D.C.F. DEATH ROW INMATES HAVE BEEN GRANTED GREAT LIBERTIES, IN ACCORD WITH THEIR BEHAVIOR, TO USE THE DAYROOM AREA FOR EXERCISE PURPOSES, GROUP & RELIGIOUS ACTIVITIES.

31. BECAUSE OF THE INCONSISTENT APPEARANCES OF LAW CLERKS TAKING & FILING EGGERS LAW REQUESTS, AL.D.O.C. OFFICER MICHAEL PITTMAN CONSISTENTLY GRANTED EGGERS ACCESS TO THE HALLWAY OF LAW BOOKS, TO RETRIEVE LAW BOOKS & TAKE THEM BACK TO EGGERS CELL FOR EXTENSIVE RESEARCH.

32. WHEN EGGERS BEGAN RESEARCHING THE LAW IN 2004, POCKET PARTS & CUMMULATIVE SUPPLEMENTS WERE UP TO DATE, & THE BOOK SHELVES HELD FEDERAL SUPPLEMENTS, FEDERAL REPORTERS, SOUTHERN REPORTERS, HOWEVER, IN 2006, D.C.F. OFFICIALS REMOVED ALL OF THESE PUBLICATIONS, INSTALLING A COMPUTER WHICH CONTAINED A INSUFFICIENT COMPUTER PROGRAM, "NEXIS LEXIS", WHICH ONLY LISTED FEDERAL CASES CITED IN THE U.S. 11TH CIRCUIT COURT OF APPEALS.

33. THIS COMPUTER WAS PLACED ON THE LAW CLERKS DESK, EGGERS NOR ANY OTHER DEATH ROW INMATES WERE ALLOWED TO HAVE ACCESS TO THE COMPUTER.

34. SOMETIMES LAW CLERKS WOULD REFERENCE CASES FOR EGGERS SOMETIMES THEY WOULD NOT.

35. LAW CLERKS COULD NOT PRINT THE CASES, AS THEY WERE ALWAYS OUT OF PAPER, PRINTER INK CARTRIDGES, OR THE PRINTER WOULD BE BROKEN.

36. SOMETIMES LAW CLERKS WOULD GO DOWN TO THE MAIN LAW LIBRARY TO RETRIEVE A LAW BOOK, OFTEN RETURNING TO INFORM EGGERS THAT THEY WERE NOT ALLOWED TO BRING THE MAIN LAW LIBRARY BOOKS BACK TO THE SEGREGATION UNIT, HOWEVER, SOMETIMES, A LAW CLERK WOULD RETURN WITH A REQUESTED CASE.

37. LAW CLERKS HAVE ALWAYS PLAYED A LIMITED ROLE AT D.C.F., INCONSISTENTLY PROVIDING EGGERS & OTHER INMATES WITH LEGAL SUPPLIES EACH WEEK CONSISTING OF: A) 10 SHEETS OF TYPING PAPER, B) 2 LEGAL ENVELOPES, & C) 1 SHEET OF CARBON PAPER.

38. EGGERS OFTEN WAS REQUIRED TO REQUEST PERMISSION TO OBTAIN LEGAL SUPPLIES FROM FAMILY & FRIENDS, COMPELLED TO DONATE SAID SUPPLIES TO THE PRISON ONCE THEY ARRIVED BY OFFICER SPAHN, AFTER SAID SUPPLIES ARRIVED IN ORDER TO RECEIVE A PORTION, AS EGGERS COULD NOT AFFORD THE POSTAGE TO HAVE SAID SUPPLIES RETURNED TO HIS FAMILY.

39. EGGERS HAS MADE NUMEROUS NOTIFICATIONS & REQUESTS TO AL.D.O.C. OFFICERS IN CHARGE OF THE LAW BOOKS THAT POCKET PARTS & CUMMULATIVE SUPPLEMENTS WERE IN NEED OF BEING BROUGHT UP TO DATE.

40. EGGERS WAS ARBITRARILY DENIED ACCESS TO A FUNCTIONAL TYPEWRITER, & TYPING RIBBONS, HOWEVER, WAS PERMITTED TO HAVE A TYPEWRITER & RIBBONS DONATED TO THE DEATH ROW UNIT BY ONE BEN SHERROD, IN THE YEAR OF 2008.

41. THESE WERE TOOLS NECESSARY IN THE LEGAL PROFESSION TO EFFECTIVELY PRESENT & PLEAD CLAIMS TO THE COURTS READILLY ACCESSIBLE TO ALL OTHER AL.D.O.C. PRISONERS SIMILARLY SITUATED.

42. IF EGGERS REQUESTED FEDERAL HABEAS CORPUS CASES IN THE FEDERAL REPORTER, EGGERS WOULD USUALLY NOT RECEIVE THE CASES.

43. EGGERS THEREFORE HAS BEEN COMPELLED TO DEPEND UPON A 2001 PUBLICATION BY NEXIS LEXIS, FEDERAL HABEAS CORPUS PRACTICE & PROCEDURE FOR MOST ALL OF HIS RESEARCH IN CRIMINAL APPEALS.

44. IT SHOULD BE NOTED, THAT EGGERS WAS HOUSED IN A DORM WHICH HAD A DEFECTIVE ROOF, & WHEN IT RAINED, SHEETS OF RAIN WATER WOULD FALL FROM THE CEILING, FLOODING OUT THE DORM & EGGERS CELL, DESTROYING EGGERS LEGAL DOCUMENTS ON SEVERAL OCCASIONS. THIS CONDITION EXISTED FROM FEBRUARY 2003, UNTIL THE ROOF WAS REPAIRED IN SEPTEMBER 2010.

45. WARDEN HICKS WAS ASSIGNED TO D.C.F. & IN LATE FEBRUARY 2011, THE LAW CLERKS COMPUTER, FILING CABINET, & OTHER SUPPLIES WERE REMOVED FROM OFF OF THE DEATH ROW HALLWAY, LEAVING THE

LAW BOOKS.
46. ON THE SAME DATE, AL.D.O.C. OFFICIALS CONDUCTED A PRISON SHAKEDOWN, REMOVING INMATES FROM THEIR CELL, SEARCHING THE CELLS, CONFISCATING & DESTROYING THE PERSONAL PROPERTY & LEGAL DOCUMENTS OF EGGERS & OTHER PRISONERS.
47. AL.D.O.C. OFFICIALS HAD EGGERS STRIP DOWN TO HIS BOXERS & LINE UP AGAINST A WALL APPROXIMATELY 30+ FEET AWAY, SO AS EGGERS COULD NOT IDENTIFY THE OFFICIAL VIOLATING EGGERS RIGHTS.
48. OFFICIALS WOULD DESTROY SOME OF EGGERS ART SUPPLIES, & LEGAL DOCUMENTATION, TAKING EGGERS PERSONAL LEGAL PUBLICATIONS, & NATIONAL GEOGRAPHIC MAGAZINES, HOWEVER, OFFICER FREEMAN WOULD RETURN EGGERS BLACKS LAW DICTIONARY, & PERMITTED EGGERS TO DONATE APPROXIMATELY 150 NATIONAL GEOGRAPHICS TO THE DEATH ROW DAYROOM FOR COMMUNITY USE, WHICH REMAIN THERE ON THIS 9TH DAY OF AUGUST, 2011.
49. ON THE SAME DAY, OFFICERS REMOVED 7 OTHER LAW BOOKS FROM EGGERS CELL PURTAINING TO EGGERS PENDING APPEAL WHICH WAS DUE IN THE ALABAMA COURT OF CRIMINAL APPEALS ON 03-17-11, INFORMING EGGERS THAT HE WAS ONLY PERMITTED TO HAVE THREE LAW BOOKS & OR PERSONAL PUBLICATIONS AT ANY ONE TIME.
50. WITHOUT THE LAW BOOKS, EGGERS WAS COMPELLED TO FILE AN APPEAL WITHOUT CITING APPROPRIATE CASE LAW, FILED IN PROTEST ON 03-17-11, AS EGGERS WAS PROCEEDING PRO SE ON APPEAL.
51. ON 03-22-11, IN RESPONSE TO EGGERS APPEAL FILED IN PROTEST, THE ALABAMA COURT OF CRIMINAL APPEALS OFFERED EGGERS THE ASSISTANCE OF APPOINTED APPELLATE COUNSEL, SEE **EGGERS V STATE**, CR-10-0222.
52. ON 03-23-11, EGGERS WITHOUT ACCESS TO CURRENT CASE LAW, WAS COMPELLED TO ACCEPT COUNSEL.
53. ON 04-03-11, THE ALABAMA COURT OF CRIMINAL APPEALS APPOINTED HONORABLE SHANON HAACK TO ASSIST EGGERS ON APPEAL.
54. HONORABLE HAACK IMMEDIATELY BEGAN PROVIDING INEFFECTIVE ASSISTANCE TO EGGERS, REFUSING TO MEET WITH EGGERS TO INFORM EGGERS OF HIS RIGHTS, & ADVISE EGGERS UPON THE LAW.
55. AFTER NUMEROUS WRITTEN REQUESTS TO HAACK & THE ALABAMA APPELLATE COURT, HAACK AGREED TO MEET WITH EGGERS ON 05-04-11.
56. ON 05-04-11, EGGERS MET WITH HAACK AT D.C.F., & THOUGH HAACK SIGNED A RESTRAINTS WAIVER FORM IN THE WARDENS OFFICE, UPON INFORMATION & BELIEF, OFFICER HILL, & SGT. DEAN REFUSED TO REMOVE EGGERS HANDCUFFS SO AS EGGERS COULD PRODUCTIVELY SHUFFL THROUGH VOLUMINOUS PAPERS & EVIDENCE TO PRESENT TO COUNSEL.
57. SGT. DEAN OFFERED NO EXPLANATION EXCEPT WARDEN HEXLE SAID THE CUFFS STAY ON.
58. IN THE 8½ YEARS THAT EGGERS HAS BEEN HOUSED AT D.C.F. EGGERS HAS NEVER BEEN REQUIRED TO WEAR RESTRAINTS, MEETING WITH HUNDREDS OF INDIVIDUALS ON AT LEAST 500 DIFFERENT OCCASSIONS, INCLUDING LAW PROFESSORS, COLLEGE STUDENTS, & RELIGIOUS GROUPS WHO HAVE BEEN PERMITTED TO ENTER THE DEATH ROW DORM.
59. EGGERS HAS A LIST OF AT LEAST 50 NAMES & ADDRESSES OF THOSE INDIVIDUALS.
60. PRISON OFFICIALS AT D.C.F. SHOULD HAVE THE NAMES OF THE REST WHO HAVE GAINED ENTRANCE TO THE DEATH ROW UNIT.
61. ON 05-12-11, CAPTAIN TEW, (FIRST NAME UNKNOWN), ISSUED A MEMO, SUMMARILY STATING THAT ALL INMATES HAD UP TO 30 DAYS TO DISPOSE OF CONFISCATED PROPERTY OR THE PROPERTY WOULD BE DISPOSED OF IN ACCORD WITH ADMINISTRATIVE REGULATION #306, TO WHICH EGGERS DOES NOT HAVE ACCESS, THOUGH IT HAS BEEN REQUESTED.

62.     APPELLATE COUNSEL HAS CONTINUED TO PROVIDE EGGERS WITH INEFFECTIVE ASSISTANCE IN THE APPELLATE COURTS, THEREFORE EGGERS FILED A MOTION TO HAVE SUCCESSOR COUNSEL APPOINTED ON 06-08-11, **EGGERS V ST.**, CR-10-0222.

63.     ON 06-20-11, THE ALABAMA COURT OF CRIMINAL APPEALS ISSUED AN ORDER STATING THE FOLLOWING:

A) THAT UNTIL THIS COURT ISSUES AN ORDER ALLOWING SHANON HAACK TO WITHDRAW, HE SHALL REMAIN APPELLATE COUNSEL,

B) THAT EGGERS COULD EITHER PROCEED WITH HAACK, (INEFFECTIVE COUNSEL), OR WAIVE APPOINTED COUNSEL & PROCEED PRO SE, HOWEVER, EGGERS WOULD BE RESPONSIBLE FOR ALL OF HIS OWN LEGAL RESEARCH & CASE CITATIONS OF LAW,

C) THAT IF EGGERS DID WAIVE COUNSEL, EGGERS WOULD NOT HAVE A RIGHT TO HAVE SUCCESSOR COUNSEL APPOINTED AT A LATER DATE,

D) IF SUCCESSOR COUNSEL WAS APPOINTED, THEY WOULD NOT BE PERMITTED TO CORRECT ANY DOCUMENTS FILED PRO SE,

E) THAT EGGERS MUST PROVIDE A WRITTEN DOCUMENT WAIVING EGGERS RIGHT TO APPOINTED COUNSEL,

...AS THE COURT REFUSED TO PROVIDE A RULING UPON EGGERS MOTION.

64.     EGGERS WAS COMPELLED TO GO FORWARD WITH INEFFECTIVE COUNSEL, NOT HAVING ACCESS TO THE LAW BOOKS & THE COURTS AT THAT TIME.

65.     ON THURSDAY, 06-23-11, WARDEN HICKS PERFORMED A CURSORY INSPECTION OF THE CELLS ON DEATH ROW, INFORMING EGGERS & OTHERS THAT SEVERAL OF THE CELLS WERE IN VIOLATION OF AL.D.O.C. REGULATIONS, FAILING TO INDICATE WHICH CELL WAS IN VIOLATION.

66.     HICKS STATED THAT INMATES WERE ONLY PERMITTED TO HAVE 3 INCHES OF LEGAL DOCUMENTATION ON PENDING LITIGATION IN THEIR CELLS, STATING THAT HE WOULD RETURN IN 1 WEEK WITH A SEARCH TEAM TO FLIP THE PLACE UPSIDE DOWN & NO ROCK WOULD BE LEFT UNTURNED.

67.     SINCE FEBRUARY 2003, INMATES AT D.C.F. HAVE BEEN PERMITTED TO MAINTAIN THOUSANDS OF PAGES OF LEGAL DOCUMENTATION MULTIPLE INCHES IN THICKNESS.

68.     DURING THESE SEARCHES, AL.D.O.C. OFFICIALS UTTERLY DESTROY PERSONAL POSSESSIONS & LEGAL DOCUMENTATION, EVEN THOSE POSSESSIONS WHICH EGGERS HAS BEEN GRANTED SPECIFIC PERMISSION TO RECEIVE & HAS SIGNED A CONTRACT AGREEMENT MAINTAINED WITH D.C.F.

69.     EGGERS HAS BEEN GRANTED PERMISSION TO RECEIVE PAINT, CANVASSES, BRUSHES, & WOODCRAFT SUPPLIES, HOWEVER, OFFICIALS ARBITRARILY REFUSE TO PERMIT EGGERS TO HAVE AN APPROVED WOOD CUTTING INSTRUMENT AS OTHER PRISONERS IN LIKE CIRCUMSTANCES ARE PERMITTED TO RECEIVE.

70.     EGGERS IS NOT A BEAVER, UNABLE TO CUT WOOD WITH HIS TEETH, & IF EGGERS IS CAUGHT WITH A WOOD CUTTING INSTRUMENT, IT WOULD BE RECOGNIZED AS PRISON CONTRABAND & EGGERS WOULD FACE DISCIPLINARY ACTION.

71.     EGGERS HAS SINCE DISPOSED OF ALL WOOD PRODUCTS WHICH HE WAS PERMITTED TO RECEIVE, WHICH HIS FAMILY HAS SPENT HUNDREDS OF DOLLARS ON TO PURCHASE & SHIPPING & HANDLING TO AVOID UNWARRANTED DISCIPLINARY ACTION.

72.     HAD EGGERS KNOWN OF SUCH RISKS, EGGERS WOULD NOT HAVE ORDERED & RECEIVED THESE QUESTIONABLE AUTHORIZED PERSONAL POSSESSIONS.

73. ON 06-23-11, EGGERS WROTE A THREE PAGE LETTER TO PRICE, THOMAS, & GOVERNOR BENTLEY, INFORMING THEM OF THE FACTS, REQUESTING:
   A) A COPY OF THE AL.D.O.C. REGULATIONS,
   B) THAT THE AL.D.O.C. CIRCUMVENT THE ALLEGED AL.D.O.C. REGULATIONS FOR GOOD CAUSE SHOWN,
&   C) TAKE ACTION WHICH SHALL RESTORE EGGERS RIGHTS,

74. ON 06-27-11, EGGERS FILED AN APPLICATION FOR A WRIT OF MANDAMUS IN THE ALABAMA SUPREME COURT, **EX PARTE EGGERS**, #1101246, SEEKING AN ORDER DIRECTING THE ALABAMA COURT OF CRIMINA APPEALS TO APPOINT SUCCESSOR COUNSEL.(THAT CASE IS STILL PENDING)

75. ON 06-29-11, THOMAS, PRICE, HICKS, & DEPUTY WARDEN GORDY ENTERED & MADE OBSERVATIONS AT D.C.F. DEATH ROW, U-DORM, HOWEVER, MADE NO EFFORT TO SPEAK WITH EGGERS ABOUT EGGERS COMPLAINT FILED.

76. ON 07-01-11, OFFICER DAVIS, (FIRST NAME UNKNOWN), ESCORTED LAW CLERK JONES TO EGGERS CELL INFORMING EGGERS THAT THE AL.D.O.C. WAS CHANGING S.O.P. REGULATIONS, "THAT ALL LAW BOOKS WERE BEING REMOVED FROM THE PRISON", & THAT CASES WOULD BE PRINTED UPON PAPER AFTER A COMPUTER SYSTEM HAD BEEN SET UP.

77. EGGERS WAS DENIED WRITTEN LAW BOOK REQUESTS, & AGAIN DENIED A COPY OF THE S.O.P. REGULATIONS IN EXISTENCE AT THAT TIME BY JONES.

78. EGGERS REQUESTED OFFICER DAVIS TO SUMMON A SEGREGATION COMMANDER, HOWEVER, IT WAS APPROXIMATELY 4:00 AM, & THAT REQUEST WAS DENIED.

&(. ON 07-01-11, EGGERS ATTEMPTED TO SPEAK WITH SGT. WATTS, (FIRST NAME UNKNOWN), HOWEVER, EGGERS WAS INFORMED THAT THE ISSUE WOULD NOT BE ADDRESSED UNTIL AFTER THE 4TH OF JULY, 2011.

80. ON 07-04-11, EGGERS FILED A 2 PAGE WRITTEN LETTER TO PRICE, THOMAS, & BENTLEY, INFORMING THEM OF THE FACTS, REQUESTING A WRITTEN RESPONSE & A COPY OF THE S.O.P. REGULATION, HOWEVER, THEY HAVE BEEN NON RESPONSIVE.

81. ON 07-05-11, D.C.F. OFFICIALS REMOVED ALL OF THE LAW BOOKS FROM OFF OF THE DEATH ROW HALLWAY, DIRECTING JONES NOT TO ISSUE ANY LAW BOOKS TO EGGERS & ALL DEATH ROW INMATES, WITHOUT JUST CAUSE, DENYING EGGERS ADEQUATE, EFFECTIVE & MEANINGFUL ACCESS TO THE COURTS, VIOLATING EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES, DUE PROCESS, & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION, & IN VIOLATION OF CLEARLY ESTABLISHED LAWS AS DETERMINED BY THE UNITED STATES SUPREME COURT UNDER **BOUNDS V SMITH**, 430 US 817.

82. JONES HAS REFUSED TO ISSUE LAW BOOKS, & CONDUCT NECESSARY RESEARCH, SUCH AS SHEPARDIZING CASES.

83. ON 07-21-11, HICKS CONDUCTED A WALK THROUGH, AT WHICH TIME EGGERS INFORMED HICKS THAT JONES HAD NOT BEEN PERMITTED TO ENTER THE DEATH ROW BLOCK FOR 2½ WEEKS.

84. EGGERS INFORMED HICKS THAT EGGERS HAD PENDING CASES & THAT THE LAW CLERK WAS STILL NEEDED UNTIL THE COMPUTER SYSTEM WAS SET UP.

85. HICKS AT THAT TIME AUTHORIZED JONES TO ENTER, SUMMONING JONES, WHO ARRIVED WITHIN 5 MINUTES, FURTHER INFORMING EGGERS & ALL OTHER DEATH ROW INMATES THAT A COMPUTER SYSTEM WAS GOING TO BE BROUGHT BACK TO THE DEATH ROW UNIT, HOWEVER, HICKS DID NOT KNOW WHEN THAT WOULD BE.

86. JONES WOULD PICK UP THE LAW REQUESTS, HOWEVER, NEVER RETURNED WITH THE CASES OR SUPPLIES ON THAT DAY.

87. ON 07-21-11, EGGERS WROTE A 2 PAGE LETTER TO PRICE, THOMAS, & BETLEY, INFORMING THEM OF THE FACTS, REQUESTING THEIR ASSISTANCE IN ASSIGNING A COMPETENT LAW CLERK WHO SHALL FILL EGGERS LAW BOOK REQUESTS & LEGAL RESEARCH, FURTHER REQUESTING AUTHORIZATION TO HAVE A LEGAL COMPUTER DONATED TO THE DEATH ROW UNIT, HOWEVER, THEY WERE NON RESPONSIVE.

88. ON 07-24-11, EGGERS WROTE TO OFFICER KEYS, REQUESTING HER TO PROVIDE AN ALTERNATIVE LAW CLERK, BECAUSE JONES WAS UNABLE TO FILL THE REQUESTS CORRECTLY.

89. ON 07-25-11, EGGERS MET WITH OFFICER KEYS, (FIRST NAME UNKNOWN), AT THE DEATH ROW UNIT, AT WHICH TIME EGGERS & OTHER INMATES SUBMITTED NEW LAW REQUEST FORMS, WHICH KEYS STATED THAT SHE WOULD HAVE FILLED.

90. ON 07-28-11, AT 11:00 PM, JONES ENTERED THE DEATH ROW UNIT, GOING ONLY TO ONE CELL & THEN RAPIDLY LEFT STATING THAT HE HAD TO GO.

91. ON 07-28-11, EGGERS THEN FILED A REQUEST SLIP TO WARDEN HICKS, REQUESTING HICKS TO TAKE ACTION REPLACING JONES.

92. ON 07-29-11, AT APPROXIMATELY 2:00PM, JONES WAS ESCORTED TO THE DEATH ROW DORM BY CAPTAIN STEELE, (FIRST NAME UNKNOWN), AT WHICH TIME JONES PROVIDED LEGAL SUPPLIES & ONE PRINT OUT CASE TO EGGERS, DENYING EGGERS ACCESS TO LAW BOOKS, & AL.D.O.C. S.O.P. REGULATIONS, STATING THAT HE NEEDED WARDEN HICKS AUTHORIZATION TO PROVIDE REGULATIONS.

93. EGGERS THEN ASKED CAPTAIN STEELE TO AUTHORIZE JONES TO PROVIDE EGGERS WITH A COPY OF THE REGULATIONS, HOWEVER, CAPT. STEELE INFORMED EGGERS THAT JONES COULD ONLY PROVIDE WHAT HICKS AUTHORIZED.

94. ON 08-02-11, EGGERS WAS ESCORTED BY OFFICER GROOCE, (FIRST NAME UNKNOWN), TO WARDEN HICKS OFFICE, HICKS INTERROGATED EGGERS, ASKING WHAT THE PROBLEM WAS WITH THE LAW CLERK.

95. EGGERS AGAIN EXPLAINED WHAT WAS EXPECTED OF A LAW CLERK, AS WARDEN HICKS TOLD EGGERS THAT A LAW CLERK DOES NOT HAVE TO DO ANY RESEARCH FOR DEATH ROW PRISONERS.

96. EGGERS THEN REQUESTED A COPY OF THE S.O.P. REGULATIONS PURTAINING TO ACCESS TO THE LAW LIBRARY, LAW BOOKS & TO THE COURTS.

97. HICKS INFORMED EGGERS THAT THE REGULATION WAS NOT GOING TO SAY WHAT EGGERS THOUGHT THAT IT WOULD SAY, DENYING EGGERS A COPY OF THE REGULATION.

98. HICKS INFORMED EGGERS THAT A COMPUTER WAS GOING TO BE PROVIDED TO DEATH ROW TO CONDUCT THEIR OWN RESEARCH, HOWEVER, HICKS DID NOT KNOW WHEN THE COMPUTER WAS GOING TO BECOME AVAILABL NOR HOW MANY TIMES A WEEK DEATH ROW WOULD BE PERMITTED TO USE IT.

99. ON 08-04-11, JONES APPEARED AT THE DEATH ROW ENTRANCE, AT APPROXIMATELY 11:30PM, GIVING INMATE JAMES YEOMANS A STACK OF LEGAL REQUEST FORMS TO PASS OUT AMONGST THE PRISONERS, STATING THAT JONES WOULD RETURN TO PICK UP THE REQUESTS ON 08-05-11, THOUGH COMPLETED FORMS WERE READY FOR JONES TO PICK UP.

100. JONES DID NOT RETURN ON 08-05-11 FAILING TO PICK UP THE LAW REQUEST FORMS.

101. ON 08-08-11, EGGERS WROTE A REQUEST TO WARDEN HICKS AGAIN REQUESTING HICKS TO PROVIDE EGGERS WITH A LAW CLERK.

102. EGGERS HAS MADE NUMEROUS OTHER ORAL & WRITTEN REQUESTS WHICH ARE NOT LISTED IN THIS COMPLAINT.

103. IN JULY OF 2011, AL.D.O.C. OFFICIALS AT D.C.F. BEGAN TEARING STAMPS & UNITED STATES POST OFFICE POST MARKINGS FROM PERSONAL & LEGAL MAIL ENVELOPES SENT TO EGGERS, DESTROYING EVIDENCE WHICH COULD OTHERWISE BE PRESENTED TO A COURT OF LAW IN EGGERS PRESENT & FUTURE LEGAL ACTIONS.

**PART VI**- LEGAL CLAIMS

104. THE ARBITRARY TREATMENT OF ALABAMA DEATH ROW PRISONERS FROM H.C.F. TO D.C.F., GRANTING HOLMAN PRISONERS ACCESS TO A LAW LIBRARY & LAW BOOKS, DENYING EGGERS & D.C.F. PRISONERS THE SAME ACCESS WITHOUT JUST CAUSE VIOLATES EGGERS RIGHTS CONSTITUTING AN EQUAL PROTECTION VIOLATION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.
105. AL.D.O.C. OFFICIALS FAILING TO PROVIDE CONSISTENT LAW CLERK ASSISTANCE TO EGGERS HAS DENIED EGGERS ADEQUATE, EFFECTIVE & MEANINGFUL ACCESS TO THE COURTS, VIOLATING EGGERS RIGHTS, CONSTITUTING A RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES, DUE PROCESS, & EQUAL PROTECTION VIOLATIONS UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
106. AL.D.O.C. OFFICIALS ARBITRARILY REMOVING LAW BOOKS FROM THE DEATH ROW DAY ROOM AREA, & LEAVING VOLUMINOUS OTHER GENERAL PUBLICATIONS DENIES EGGERS & OTHER DEATH ROW INMATES ACCESS TO THE LAW BOOKS & THE COURTS VIOLATING EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION, DUE PROCESS & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
107. AL.D.O.C. OFFICIALS FAILING TO MAINTAIN LAW BOOK PUBLICATIONS WITH CURRENT UP TO DATE POCKET PARTS, & CUMMULATIVE SUPPLEMENTS HAS DENIED EGGERS ADEQUATE, EFFECTIVE & MEANINGFUL ACCESS TO THE COURTS VIOLATING EGGERS RIGHTS, CONSTITUTING RIGHT TO PETITION, DUE PROCESS & EQUAL PROTECTION VIOLATIONS UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
108. AL.D.O.C. OFFICIALS ARBITRARILY DENYING EGGERS ACCESS TO USE TYPEWRITERS & RIBBONS OTHERWISE AVAILABLE TO ALL OTHER PRISONERS NOT UNDER A SENTENCE OF DEATH, VIOLATED EGGERS RIGHTS CONSTITUTING AN EQUAL PROTECTION VIOLATION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.
109. AL.D.O.C. OFFICIALS DENYING EGGERS ACCESS TO USE AL.D.O.C. TYPEWRITERS & RIBBONS, DENIED EGGERS ADEQUATE, EFFECTIVE, & MEANINGFUL ACCESS TO THE COURTS, VIOLATING EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION, DUE PROCESS & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.
110. AL.D.O.C. OFFICIALS ARBITRARY REFUSAL TO REMOVE EGGERS RESTRAINTS DURING A CRITICAL LAWYER MEETING ON 05-04-11 VIOLATED EGGERS RIGHTS CONSTITUTING AN EQUAL PROTECTION VIOLATION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.
111. AL.D.O.C. OFFICIALS DESTROYING EGGERS PERSONAL POSSESSIONS & LEGAL DOCUMENTATION WHICH EGGERS WAS AUTHORIZED TO RECEIVE REGARDING PENDING CASES WITHOUT JUSTIFIABLE CAUSE VIOLATES EGGERS RIHGTS CONSTITUTING AN EQUAL PROTECTION VIOLATION UNDER THE 14TH AMENDMENT TO THE U.S. CONSTITUTION.
112. AL.D.O.C. OFFICIALS ARBITRARILY DENYING EGGERS ACCESS TO AL.D.O.C. ADMINISTRATIVE REGULATIONS NECESSARY TO PROPERLY & EFFECTIVELY BRING LEGAL ACTION AGAINST SAID STATE OFFICIALS

AND EXHAUST ANY & ALL AVAILABLE ADMINISTRATIVE REMEDIES IN ORDER TO ENSURE THAT STATE OFFICIALS REPRESENTING THE AL.D.O.C. ARE NOT EXPOSED TO CIVIL PROSECUTION VIOLATED EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES, DUE PROCESS & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

113. AL.D.O.C. OFFICIALS DENYING EGGERS ACCESS TO LAW BOOKS, CASE CITATIONS, & OTHER LEGAL WRITTEN AUTHORITIES NECESSARY FOR COMPETENT RESEARCH OF THE LAW, HAS DENIED EGGERS ADEQUATE, EFFECTIVE, & MEANINGFUL ACCESS TO THE COURTS VIOLATING EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION, DUE PROCESS & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

114. AL.D.O.C. OFFICIALS REMOVING U.S. POST MARKS FROM PERSONAL & LEGAL MAIL LETTERS DELIVERED TO EGGERS IS DESTROYING EVIDENCE, INTERFERING WITH EGGERS ABILITY TO PROPERLY & EFFECTIVELY INVESTIGATE, PRESENT & PROVE EGGERS CLAIMS IN HIS PENDING ACTIONS VIOLATING EGGERS RIGHTS CONSTITUTING A RIGHT TO PETITION, DUE PROCESS & EQUAL PROTECTION VIOLATION UNDER THE 1ST, 5TH, & 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

115. PLAINTIFF REALLEGES & INCORPORATES PARAGRAPHS 1-103.

116. EGGERS HAS NO PLAIN ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. EGGERS & OTHERS SIMILARLY SITUATED SHALL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY & INJUNCTIVE RELIEF WHICH EGGERS SEEKS.

**PART VII**- PRAYER FOR RELIEF

117. WHEREFORE, EGGERS RESPECTFULLY PRAYS THAT THIS COURT SHALL ENTER JUDGEMENT GRANTING EGGERS:

118. A DECLARATION THAT THE ACTS & OMISSIONS DESCRIBED HERE IN VIOLATED EGGERS RIGHTS UNDER THE CONSTITUTION & THE LAWS OF THE UNITED STATES.

118. A PRELIMINARY & PERMANENT INJUNCTION ORDERING THE DEFENDANTS TO:

  A) PROVIDE D.C.F. DEATH ROW INMATES & EGGERS, WITH ADEQUATE, EFFECTIVE & MEANINGFUL ACCESS TO THE COURTS IN ACCORD WITH EXISTING LAWS, INCLUDING, HOWEVER, NOT LIMITED TO:

    i) ACCESS TO A FULLY STOCKED LAW LIBRARY, LAW BOOKS, COMPUTER, CURRENT CASE CITATIONS, 4 HOURS EACH DAY, THREE DAYS EACH WEEK,

    ii) ACCESS TO A COMPETENT LAW CLERKS ASSISTANCE, AVAILABLE 4 HOURS EACH DAY, 3 DAYS EACH WEEK.

    iii) PERMIT INMATES WHO HAVE DEMONSTRATED RESPONSIBLE BEHAVIOR, TO CHECK LAW BOOKS OUT, TO KEEP & MAINTAIN IN THEIR CELLS WHILE RESEARCHING ISSUES FOR UP TO TWO DAYS AT A TIME, SUBJECTED TO BE CHECKED OUT AGAIN,

    iv) ACCESS TO A FULLY FUNCTIONAL TYPE WRITER & TYPING RIBBONS, 4 HOURS EACH DAY, 3 DAYS EACH WEEK,

    vi) ACCESS TO LEGAL SUPPLIES, CONSISTING OF PAPER, LEGAL ENVELOPES, PENCILS, CARBON PAPER, & NOTARY SERVICES AT LEAST 1 TIME EACH WEEK

  B) REMOVE EGGERS RESTRAINTS DURING LAWYER VISITS, IF ACCOMPANIED BY A SIGNED WAIVER BY ATTORNEY, OR IN THE ALTERN-

ATIVE HAVE THE VISIT CONDUCTED IN A GLASS SEPARATED SETTING, SO AS EGGERS MAY EFFECTIVELY PRESENT EVIDENCE & OTHER LEGAL DOCUMENTATION TO EGGERS ATTORNEY WITHOUT RESTRAINTS UPON HIS HANDS.
   C) STOP REMOVING U.S. POST MARKS FROM OFF OF EGGERS PERSONAL & LEGAL MAIL DESTROYING EVIDENCE WHICH IS RECOGNIZED BY STATE & FEDERAL COURTS.
   D) PROVIDE EGGERS & ALL OTHER AL.D.O.C. PRISONERS WITH A COPY OF AL.D.O.C. ADMINISTRATIVE REGULATIONS UPON REQUEST.
   E) STOP DESTROYING EGGERS PERSONAL POSSESSIONS & LEGAL DOCUMENTATION WITHOUT JUSTIFIABLE CAUSE.
119.   A JURY TRIAL UPON ALL TRIABLE ISSUES.
120.   ANY & ALL ADDITIONAL RELIEF WHICH THIS COURT DEEMS JUST, PROPER & EQUITABLE.

RESPECTFULLY SUBMITTED,

[signature]

MICHAEL WAYNE EGGERS   Z-689
D.C.F. U-6
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299
          PRO SE

**PART VIII**- VERIFICATION

   I HAVE READ THE FOREGOING COMPLAINT & HERE BY VERIFY & CERTIFY UNDER THE PENALTY OF PERJURY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED UPON INFORMATION & BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE & CORRECT.
   EXECUTED AT D.C.F., BESSEMER, ALABAMA, ON THIS 8/9/11.

[signature]
MICHAEL WAYNE EGGERS

SWORN TO & SUBSCRIBED BEFORE ME ON THIS 8-9-11.

[notary signature]
NOTARY SIGNATURE

10-9-2012
COMM. EXP. ON

[SEAL]


1983
HGD

IN THE U.S.DIST.CT.N.DIST.OF AL.SO.DIV.

MICHAEL WAYNE EGGERS )
    PLAINTIFF
V ) NOTICE TO THE CLERK
AL.DEPT. OF CORRECTIONS
    DEFENDANTS )

CASE #: CV-11-K-2821-S

DATE: 08-09-11

FILED
2011 AUG 11 A 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

TO THE HONORABLE CLERK OF THE COURT:

    PLEASE FIND ATTACHED A COPY OF THE FOLLOWING TO BE FILED AS SOON AS IS PRACTICABLE:
    A) A COMPLAINT AGAINST THE ALABAMA DEPARTMENT OF CORRECTIONS PURSUANT TO TITLE 42 USC § 1983,
    B) THREE COPIES OF A SUMMONS TO BE SIGNED STAMPED & RETURNED TO THE PLAINTIFF FOR SERVICE UPON THE DEFENDANTS.
    COULD THE CLERK PLEASE FORWARD TO EGGERS ANY NEW LOCAL RULES WHICH HAVE COME INTO EXISTENCE ALONG WITH THE CASE ACTION DOCKET NUMBER ASSIGNED TO THE CASE.

RESPECTFULLY SUBMITTED,

MICHAEL WAYNE EGGERS Z-689
D.C.F. D-6
100 WARRIOR LANE
BESS., AL. 35023-7299

    PRO SE

(1 OF 1)